AXOM CROWELL *v.* THE NEW ORLEANS AND NORTHEASTERN R. R. Co.

1. LANDLORD AND TENANT.  *Power of landlord over the premises during the term.*
   The tenant is the owner of the leased premises during the term, and the landlord can confer no right on others in respect to them which he could not himself exercise.

2. SAME.  *Trespass. Railroad right of way.*
   A railroad company entering and constructing its roadbed upon the leased premises under authority from the *landlord only* is a trespasser, and the tenant can recover from it for injuries inflicted.

3. SAME.  *Notice. Damages for throwing down fence.*
   Though a tenant tacitly permits a railroad company to construct its roadbed on the leased premises, the construction by him of a fence across the works is notice that he intends to protect his crop in that way, and the destruction of the fence by the company will render it liable in damages for injuries resulting therefrom.

APPEAL from the Circuit Court of Lauderdale County.

HON. SAMUEL H. TERRAL, Judge.

Appellant rented a small field from one Reagan for the year 1882, and had rented and cultivated it for some years previous. In January or February, 1882, the appellee, without the consent of appellant, having purchased a right of way for its railroad from Reagan, the landlord, surveyed its line and built its roadbed through appellant's field, without any express objection on the part of appellant. When, however, the time for planting crops

arrived appellant built his fence, which had been thrown down by appellee, across the roadbed and planted and cultivated a crop of corn in the field. In August, 1882, when the crop was reaching maturity, the appellee, without any previous notice to appellant, threw down the fence which crossed its roadbed for the purpose of laying its rails. The fence remained thus for about fifteen days before any cattle-guards were erected, and in the meantime cattle entered and destroyed appellant's crop.

Appellant brought suit for the statutory penalty of twenty dollars for throwing down the fence, and for seventy-five dollars damages for destruction of his crop.

On the trial in the lower court, defendant's counsel asked plaintiff, who was on the witness stand, if the railroad company had not purchased the right of way through the field from Reagan. Plaintiff's counsel objected to this question, but the objection was overruled, and plaintiff stated that he did not know that Reagan had so sold the right of way. The court then allowed defendant's counsel, over an objection by plaintiff, to introduce the deed from Reagan to the railroad. The following instructions were asked by plaintiff and refused:

1. "If the jury believe from the evidence that the defendant threw down the fence inclosing land not its own, in which land plaintiff had an interest, without the permission of the plaintiff, then the defendant is liable to the plaintiff in the sum of twenty dollars for every such offense and also for all damages that may have resulted to plaintiff from such act."

2. "A railroad company, like every other person, is required by law to use and enjoy its property so as to do no injury, or as little as possible, to the property of others, and as soon as a railroad company has opened the fields of an adjoining landowner for the purpose of constructing their road, they are bound to use all reasonable and prudent means to prevent the irruption of cattle into his lands from their line of road. And if the jury believe from the evidence that in this case such prudent means were not used by the defendant herein, then the road is liable for the damages occasioned by their negligence."

3. "If from the evidence the jury believe that the plaintiff had been living on the land occupied by him in 1882 for a number of years previous to 1882, and that he continued to occupy it, and entered on the year 1882 without objection from his landlord, Reagan, and with his silent and tacit consent and approval, then a tenancy of said land was thus created for the year 1882 which Reagan had the power to terminate only at the end of the year, and in contemplation of law the plaintiff became the owner of the land for the year 1882."

4. "If from the evidence and plaintiff's *third* instruction the jury believe that plaintiff was for the year 1882 the owner of the land occupied by him, then his landlord, Reagan, couldn't without plaintiff's consent give the defendant a right to throw down the fence inclosing the plaintiff's land and crop."

The following instruction was given for the defendant: "The court instructs the jury to find for the defendant."

The plaintiff appeals.

*Dial & Witherspoon*, for the appellant.

The court erred and the case should be reversed.

1. Because the defendant acquired whatever right of way it had after the plaintiff's rights as a tenant had accrued, and surely there can be no need of authorities or reasons for the position that Reagan, the landlord, could not deed away the plaintiff's rights without his consent.

2. The conduct of the defendant was a manifest violation of § 989, Code 1880, and this imposes a liability for the act independent of a right of way. The language of the statute is that if any person shall throw down any fence, *inclosing land not his own*, without the owner's permission, he shall pay, etc. The expression "any fence" is broad and comprehensive, and the only limitation put upon these general words is that the fence must inclose land that does not belong to the trespasser.

3. The defendant is liable because it was its duty so to use its own property as to do no harm to another's. When it opened the field of the plaintiff it was its duty to use every reasonable precaution to prevent the irruption of cattle into the field, and it is the

province of a jury to decide whether or not it has used such pre-
cautions.    Thompson on Negligence 490, 492, and 518.

*J. W. Fewell,* for the appellee.

COOPER, J., delivered the opinion of the court.

The appellant, having leased the land for the year 1882, was the
owner of the term therein, and it was thereafter not within the
power of the landlord to confer upon the company the right to con-
struct its road on the land during 'the term.   The landlord could
confer no right which he himself could not exercise over the prem-
ises.  He himself would have been a trespasser if he had done the
acts complained of, and the company, acting under his authority
only, is not protected by it from a recovery by the tenant for the
injury inflicted.

The tenant, though he permitted the company to construct its
embankment on his premises, notified it by building his fence across
the works that he claimed the right to protect his crop in that
manner, and there was nothing from which the company could
assume that he would waive his right to continue it there until his
term expired.

On the facts shown the verdict should have been for the plaintiff.

*Judgment reversed.*